UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY EARL DAVIS,

        Petitioner,                    Case Number: 23-13059
                                               Hon. George Caram Steeh

v.

JEFFREY HOWARD,[1]

        Respondent.
_____/

**<u>OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (ECF 9), DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS</u>**

Petitioner Stanley Earl Davis has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition. For the reasons discussed, the Court grants the motion to dismiss and declines to issue a certificate of appealability. The Court grants Davis leave to proceed in forma pauperis on appeal because an appeal may be taken in good faith. *See* Fed. R. App. P. 24(a).

---

[1]The proper respondent in a habeas case is the state officer having custody of the petitioner. *See* Rule 2, Rules Governing Section 2254 Cases. The Court orders the case caption amended to substitute Petitioner's current custodian, Jeffrey Howard, as the respondent.

## I. BACKGROUND

In 2018, Davis was convicted in the Oakland County Circuit Court of unarmed robbery, Mich. Comp. Laws § 750.530, and domestic violence, second offense, Mich. Comp. Laws § 750.81(4). On March 29, 2018, he was sentenced as a fourth-offense habitual offender to 12 to 15 years for the unarmed robbery conviction and 1 year for the domestic violence conviction.

Davis's convictions were affirmed by the Michigan Court of Appeals. *People v. Davis*, No. 343350, 2019 WL 5092916 (Mich. Ct. App. Oct. 10, 2019). Davis did not seek leave to appeal in the Michigan Supreme Court. *See* Affidavit of Larry Royster, Michigan Supreme Court Clerk (ECF No. 10-18, PageID.1376).

On September 7, 2021, Davis filed a motion for relief from judgment in the trial court. The trial court denied the motion. *See* 5/24/2022 Op. and Order, *People v. Davis*, Nos. 17-263198, 17-264489 (ECF No. 10-13). The Michigan Court of Appeals denied Davis's application for leave to appeal. *People v. Davis*, No. 363104 (Mich. Ct. App. March 9, 2023). On August 22, 2023, the Michigan Supreme Court denied leave to appeal. *People v. Davis*, 512 Mich. 910 (Mich. Aug. 22, 2023).

Davis filed the pending habeas corpus petition on November 21, 2023.  (ECF No. 1.)  Respondent has filed a motion arguing that the petition was not timely filed.  (ECF No. 9.)  Petitioner has filed a response to the motion.  (ECF No. 11.)

## II.  DISCUSSION

Respondent moves to dismiss the petition on the ground that it is barred by the one-year statute of limitations.  The Antiterrorism and Effective Death Penalty Act, effective April 24, 1996, provides a one-year statute of limitations for habeas petitions.  See 28 U.S.C. § 2244(d)(1).  The limitation period runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Davis is not relying on a newly-recognized constitutional right or on newly discovered facts, and he has not alleged that a state-created impediment prevented him from filing a timely petition. Consequently, the relevant subsection here is § 2244(d)(1)(A), which states that a conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The Michigan Court of Appeals affirmed Davis's convictions on October 10, 2019. *See Davis*, 2019 WL 5092916. Davis then had 56 days to file a delayed application for leave to appeal with the Michigan Supreme Court. *See* Mich. Ct. R. 7.305(C)(2). He did not do so. His convictions and sentences thus became final on December 5, 2019, when the time for seeking leave to appeal with the Michigan Supreme Court expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (when a petitioner does not seek review in a state's highest court, the judgment becomes final when the time for seeking such review expires). Davis had until December 5, 2020, to timely file a habeas petition. His petition was not filed until November 21, 2023, almost three years after the one-year limitations period expired. The petition is therefore untimely.

The one-year limitations period is not a jurisdictional bar and may be equitably tolled where a habeas petitioner "shows (1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).  "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'"  *Keeling v. Warden, Lebanon Correctional Institution*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)).

Davis argues that the limitations period should be equitably tolled because appellate counsel failed to inform him when the Michigan Court of Appeals affirmed his conviction.  (ECF No. 1, PageID.5-6; ECF No. 11, PageID.1379.)  The Sixth Circuit has found that "'a substantial, involuntary delay in learning about the status of their appeals' may constitute extraordinary circumstances sufficient to warrant" equitable tolling. *Keeling*, 673 F.3d at 462 (quoting *Robinson v. Easterling*, 424 F. App'x 439, (6th Cir. May 20, 2011)).  However, "petitioners who receive delayed notification of a state court judgment due to clerical or attorney errors may not seek equitable tolling if they 'passively await decision.'"  *Robinson*, 424 F. App'x at 443 (quoting *Miller v. Collins*, 305 F.3d 491, 496 (6th Cir. 2002)).  "[A]ttorney assurances and the realities of incarceration may

justifiably delay a petitioner's request for a case statues update." *Id.* But the Sixth Circuit Court of Appeals has held that eighteen months is too long for a petitioner to sit on his rights. *Id.*

Davis waited approximately sixteen months to inquire about the status of his appeal. But that was not his only delay. When Davis learned in June 2020 that the Michigan Court of Appeals had affirmed his convictions, approximately five months remained in the limitations period. But Davis did nothing to challenge his conviction for over a year. He finally filed a motion for relief from judgment in the trial court on September 7, 2021. His state collateral review proceedings concluded on August 22, 2023, yet he waited an additional three months to file the present habeas petition. These delays evidence an absence of diligence.

Davis also fails to show that some extraordinary circumstance stood in his way and prevented him from timely filing his petition. Even assuming that appellate counsel was ineffective in failing promptly to communicate the Michigan Court of Appeals' decision, five months remained before the limitations period expired. Appellate counsel's performance did not prevent Davis from filing a motion for relief from judgment in the trial court (which would have tolled the one-year limitations period) or a habeas corpus petition over that five-month period.

Davis has failed to establish sufficient diligence or that an extraordinary circumstance prevented his timely filing. Therefore, equitable tolling is not justified, and the petition is untimely.

### III.  CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  A COA will be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that "reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a district court denies relief on procedural grounds without addressing the merits, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* In this case, jurists of reason would not find the Court's procedural ruling that the habeas petition is untimely debatable.

## IV.  CONCLUSION

For the reasons set forth above, the Court GRANTS the motion to dismiss (ECF No. 9) and DISMISSES the petition for writ of habeas corpus. The Court DENIES a certificate of appealability.

The Court GRANTS Davis leave to proceed *in forma pauperis* on appeal because an appeal could be taken in good faith.  *See* Fed. R. App. P. 24(a).

SO ORDERED.

                                              s/George Caram Steeh
                                              HON. GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

DATED:  November 8, 2024

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 8, 2024, by electronic and/or ordinary mail and also on Stanley Earl Davis #249090, Kinross Correctional Facility, 4533 W. Industrial Park Drive, Kincheloe, MI 49786.

s/LaShawn Saulsberry
Deputy Clerk